UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

John Bonilla,

                         Plaintiff,

                                                06-CV-1198 (CPS)

          - against -

United States of America,                       MEMORANDUM OPINION
                                                AND ORDER
                         Defendant.

------------------------------------X
SIFTON, Senior Judge.

     On March 8, 2006, John Bonilla ("plaintiff") filed a motion[1]

pursuant to Federal Rule of Criminal Procedure 41(e), now 41(g),[2]

seeking the return from respondent United States ("defendant" or

"government") of certain items of property taken from his vehicle

and home.  Defendant moved to dismiss plaintiff's action and its

motion was referred to the Magistrate Judge, who issued a Report

and Recommendation on September 21, 2007.  Now before this Court

are plaintiff's objections to the Report and Recommendation.  For

the reasons set forth below, I adopt the Magistrate's Report and

direct the government to return the items set forth below.

Plaintiff's action against the government is dismissed to the

extent it seeks the return of the remaining items that were

_____

     [1]  Plaintiff filed this motion under his closed criminal docket, 99-CR-
0660.  The motion was treated as a complaint and a new action commenced, under
the above civil docket number.  *See Diaz v. United States*, 517 F.3d 608, 610
(2d Cir. 2008).

     [2]  Fed. R. Crim. P. 41(e) was redesignated Fed. R. Crim. P. 41(g)
without substantive change effective December 1, 2002.  *See* Fed. R. Crim. P.
41 Advisory Committee Note to 2002 amendments.  The rule is quoted in relevant
part in the discussion below.

destroyed by the government. Finally, I deny plaintiff's request to amend the caption without prejudice to plaintiff's commencement of a new action against the individual FBI agents pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

### Background

The following facts are taken from the submissions of the parties in connection with this motion.

On August 24, 1998, FBI agents, investigating plaintiff in connection with the hijacking of trucks containing electronics and computer equipment from plaintiff's former employer, Barney's Electronics ("Barney's"), seized stolen electronic equipment from plaintiff's vehicle pursuant to a search warrant. Declaration of FBI Special Agent George Wright ("Wright Decl.") at ¶¶ 3-4, 12-13; Plaintiff's Motion for Return of Property, filed March 8, 2006 ("Pl. Mot."), ¶ 3.[3] Plaintiff was thereafter arrested on June 16, 1999. Wright Decl. ¶ 5; Pl. Mot. ¶ 1. At the time of his arrest, property was also seized from plaintiff. Pl. Mot. ¶

---

[3] Plaintiff argues that in the Presentence Investigation Report ("PSR"), dated October 17, 2000, the FBI agents involved in the search of defendant's vehicle reported they, "found equipment similar to that which had been stolen from the Barney's trucks. However, agents were unable to confirm that this merchandise had been specifically stolen from Barney's." PSR at 6.
Special Agent Wright, however, in his declaration from 2006, affirms that the electronics equipment seized from plaintiff's vehicle, listed in detail below, was stolen from Barney's and that Barney's filed a claim for these items with its insurance company. Wright Decl. ¶ 12-13. Insofar as Wright's declaration is inconsistent with the PSR, I note that the declaration was made in 2006 and contains information not available at the time the PSR was prepared.

2.

On October 19, 1999, plaintiff pleaded guilty to obstructing
the movement of articles in commerce, in violation of 18 U.S.C. §
1951, and to carrying a firearm during a crime of violence, in
violation of 18 U.S.C. § 924(c)(1).  On December 7, 2000,
defendant was sentenced to a term of imprisonment of 14 years.
*See United States v. Bonilla*, 99-CR-0660 (CPS), Docket Entry #
38.

On March 8, 2006, plaintiff commenced this action seeking
the return of: 1) the items seized at the time of his arrest,
which he describes as "a number of personal items, not limited
to; his credit cards, drivers license, Business [sic] cards, and
numerus receipt [sic], ect. [sic],"[4]  Pl. Mot. ¶ 2; and 2) the
items seized from his vehicle on August 24, 1998.[5]  Pl. Mot. ¶ 3.

---

[4]  According to the government, the FBI seized, at the time of
defendant's arrest, the following personal items:
    (a) one black leather belt;
    (b) one red pencil;
    (c) one Swanson watch, serial # 069790
    (d) one black wallet
    (e) seventeen various business cards;
    (f) one Chase (Mastercard) credit card, expiration 12/99;
    (g) one New York State Drivers License, in the name of Johnny Bonilla
    (h) one New York Registration Receipt, SOR 1990 4 door Lincoln
        1LN2M9840L602122, expiration 4/24/99;
    (i) four receipts from GEM Pawnbrokers;
    (j) one receipt from M&H Auto Parts; and
    (k) various scraps of paper.

Wright Decl. ¶ 10.

[5]  Specifically, defendant seeks the return of:
    (a) one box containing two pioneer TS-879 car stereos;
    (b) Aiwa CSD-ED70 CD stereo radio cassette recorder (no box);
    (c) Empty box, marked Sharp Color Television 20 H-S60 Serial # 364432;
    (d) Sharp UX-100 fax machine, Serial # 91100328 (no box);
    (e) Panasonic VCR Model-8401, Serial # L7SC15684 (no box);

On June 15, 2006, the government responded to plaintiff's
motion stating it had no objection to returning the personal
items seized at the time of plaintiff's arrest. Government
Memorandum of Law in Support of its Motion to Dismiss the
Movant's Complaint ("Gov't Mem."), at 3-4. It also expressed no
objection to returning the Valentine's Day card and the BQE Auto
Auction receipt, which had been seized from plaintiff's vehicle.
*Id.* at 4. The government stated, however, that the remaining
items seized from plaintiff's vehicle were stolen electronics
equipment and were destroyed on April 10, 2002. *Id.* at 4-5. It
argued, accordingly that the remainder of plaintiff's motion
should be dismissed, pursuant to Fed. R. Civ. Pro. 12(b)(1),
because sovereign immunity deprived the Court of jurisdiction
over claims for the return of property which was no longer
available for return. *Id.* at 5-9.

On June 30, 2006, plaintiff filed a "traverse," asking that
his action be recaptioned as "John Bonilla v. Unknown Agents of
the FBI." Pl. Traverse at 1. He further argued he was entitled
to damages under *Bivens v. Six Unknown Named Agents of the
Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against these
unknown agents of the FBI for the destroyed property. *Id.* at 1-

---

(f) Cash receipt for Bill of Sale, dated 7/25/97, 7/27/97 from BQE Auto
     Auction in the name of Johnny Bonilla;
(g) Valentine's Day card, dated 2/14/1998.

Pl. Mot. Ex. 1. Items (a)-(e) are referred to collectively as the "destroyed
property" throughout this decision.

2.

On September 21, 2007, the Magistrate Judge issued a Report and Recommendation ("Rep. & Rec.") concluding that the government should be directed to return the personal property seized at the time of defendant's arrest, the Valentine's Day card, and the BQE Auto Auction receipt to plaintiff's designee. Rep. & Rec. at 8. She further recommended that the government's motion to dismiss plaintiff's action for the return of the destroyed property be granted. *Id.* On October 5, 2007, plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

## Discussion

Federal Rule of Civil Procedure 72 provides that when ruling on an objection to a Magistrate Judge's report and recommendation, which is dispositive of a case:

> [t]he district judge must determine de novo any part of the
> magistrate judge's disposition that has been properly
> objected to. The district judge may accept, reject, or
> modify the recommended disposition; receive further
> evidence; or return the matter to the magistrate judge with
> instructions.

Fed. R. Civ. P. 72(b)(3). Accordingly, I review the Magistrate Judge's Report and Recommendation de novo.

Federal Rule of Criminal Procedure 41(g) provides, in relevant part, "A person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A Rule 41(g) motion brought after the criminal proceeding is over is treated as a civil equitable action. *Diaz v. United*

*States*, 517 F.3d 608, 610 (2d Cir. 2008).

    A.   <u>Personal Property Seized at Time of Arrest, Valentine's
          Day Card, and BQE Auto Auction Receipt</u>

As there is no objection to the Magistrate Judge's recommendation that the government return the personal property seized at the time of plaintiff's arrest, the Valentine's Day card, and the BQE Auto Auction receipt, I adopt this portion of the Magistrate Judge's Report and Recommendation and direct the return of this property to a person to be designated by the plaintiff within 45 days of the date of this opinion.[6]

    B.   <u>Destroyed Property</u>

Plaintiff seeks damages for the destroyed property pursuant to Rule 41(g), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, and *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The government seeks dismissal of this claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

    i.   *Rule 41(g)*

Rule 41(g) provides simply for the return of property. It does not speak to damages for property that the government is unable to return. The Second Circuit recognizes federal equitable jurisdiction to order return of property pursuant to

---

[6] As plaintiff is presently incarcerated, and because the Bureau of Prisons will not accept items of behalf of plaintiff, plaintiff must designate, in writing, a representative to receive the items. Wright Decl. ¶¶ 14-15.

this rule after the conclusion of criminal proceedings. *See, e.g., Diaz*, 517 F.3d at 610; *see also Mora v. United States*, 955. F.2d 156, 158 (2d Cir. 1992). However, the Second Circuit has made clear that "such equitable jurisdiction does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return. Such monetary awards are barred by sovereign immunity." *Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004);[7] *see also Adeyi v. United States*, 2008 WL 793595, at *6 (E.D.N.Y. Mar. 25 2008); *Wai Hung v. United States*, 2007 WL 1987749, at *2 (E.D.N.Y. Jul. 3, 2007) ("where a petitioner seeks return of property that has become unavailable due to loss or destruction of the property, and the United States had not waived its sovereign immunity against such claims, the claim for return of property must be dismissed"). As the Magistrate Judge concluded, sovereign immunity bars plaintiff's action under Rule 41(g) to the extent it relates to the destroyed property and must be dismissed. Rep. & Rec. at 6.

    *ii. Bivens Action Against United States*

    *Bivens* held that violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a

---

[7] Plaintiff's argument that the property at issue in *Adeleke* was destroyed by the September 11, 2001 terrorist attacks and the property at issue in this case was purposefully destroyed by the government is of no moment to his Rule 41(g) claim. As noted, sovereign immunity bars a plaintiff's claim when property is unavailable "for whatever reason" under 41(g).

cause of action for damages resulting from his unconstitutional conduct.  403 U.S. at 389.

A claim for the return of property or damages based on *Bivens* against the United States, the only defendant in this action, is foreclosed because such an action must be brought against individual federal agents[8] rather than against the federal agency or the United States itself.  *See Polanco v. United States Drug Enforcement Admin.*, 158 F.3d 647, 650 (2d Cir. 1998); *see also Mendez v. United States*, 2005 WL 1208512, at *3 (S.D.N.Y. May 19, 2005) ("the Supreme Court has refused to extend *Bivens* to actions directly against federal *agencies*") (emphasis in original) (citing *F.D.I.C. v. Meyers*, 510 U.S. 471, 484-86 (1994)); *Hightower v. United States*, 205 F. Supp.2d 146, 154 (S.D.N.Y. 2002) (sovereign immunity bars *Bivens* claim against United States and federal agents in their official capacities). Accordingly, as the Magistrate Judge concluded, plaintiff cannot bring a *Bivens* claim against the United States, the only party named herein.  Rep. & Rec. at 7.

*iii.  Federal Tort Claims Act*[9]

The FTCA waives sovereign immunity for "claims against the United States . . . for . . . loss of property . . . caused by

---

[8]  I note that plaintiff sought to recaption this action to name unknown individual FBI agents as defendants.  Pl. Traverse at 1.  This request is discussed below.

[9]  Plaintiff did not seek relief on this ground before the Magistrate Judge, but I nevertheless consider it.

the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).  In order to bring a claim under the FTCA, however, plaintiff must first file an administrative claim with the appropriate federal agency.  *See Adeleke*, 355 F.3d at 153 (citing 28 U.S.C. § 2675(a)).  There is no indication that plaintiff has done so.

Moreover, the FTCA excepts from its waiver of sovereign immunity "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . ."  28 U.S.C. § 2680(c)).  The Civil Asset Forfeiture Reform Act, however, provided an exception to this exception, codified at 28 U.S.C. § 2680(c)(1-4).  To come within this exception to the exception, plaintiff must show that "the property was seized for the purpose of forfeiture."  28 U.S.C. § 2680(c)(1).  As the items were seized pursuant to a search warrant, for the purposes of a criminal investigation, plaintiff cannot make out this first requirement.  *Foster v. United States*, 522 F.3d 1071, 1078-79 (9th Cir. 2008).  Thus, the exception to the exception does not apply and plaintiff's FTCA claim is barred by sovereign immunity.[10]

---

[10]  Although not cited by plaintiff, claims for damages against the government for the destruction of property are also sometimes based on the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, or the Tucker Act, 28 U.S.C. § 1491.

C. Recaptioning of the Action

Plaintiff has requested that his action be recaptioned as "John Bonilla v. Unknown Agents of the FBI," in their individual capacities, so that he might bring his *Bivens* claim for damages for the destroyed property against individual agents responsible for the destruction of his property. I decline to so caption this action, as removal of the United States as defendant would mean that there would be no named defendant with the authority to direct the return of plaintiff's personal property seized at the time of arrest, the Valentine's Day card, or the BQE Auto Auction receipt. *Grullon v. Reid*, 1999 WL 436457, at *5 (S.D.N.Y. 1999) (only government, not individual defendants, could return property to plaintiff), *aff'd* 2 Fed.Appx. 70 (2nd Cir. 2001).

Although I deny plaintiff's request to recaption the complaint, plaintiff is granted leave to file an amended complaint.[11]

---

Under the APA, the United States waived sovereign immunity with respect to claims "seeking relief other than money damages." 5 U.S.C. § 702. As plaintiff is seeking money damages, the APA is of no help to plaintiff.

To state a claim under the Tucker Act, "the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Ayedi v. United States*, 2008 WL 793595, at *7 (E.D.N.Y. Mar. 25, 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 216-217, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)). The "takings clause" of the Fifth Amendment is the only portion of an amendment that mandates payment for its alleged violation. *Id.* (citing cases). Accordingly, insofar as plaintiff's claims are grounded in violations of the Fourth Amendment or the due process clause of the Fifth, the Tucker Act provides no basis for relief. *See id.*

[11] The Magistrate Judge, assuming *arguendo* that plaintiff had named the individual FBI agents, held that any *Bivens* claim would be barred by the three-year statute of limitation for such claims. Rep. & Rec. at 7, n.4. Plaintiff never alleges what constitutional violation he has suffered, but,

**Conclusion**

For the reasons set forth above, I direct the government to return the items set forth above, dismiss plaintiff's action against defendant to the extent seeks return of the destroyed property, and deny his request to amend the caption. Plaintiff may file an amended complaint against the unknown FBI agents in their individual capacities consistent with this opinion and order within forty-five days of its date. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated : Brooklyn, New York
        September 3, 2008

    By:      /s/ Charles P. Sifton (electronically signed)
                     United States District Judge

---

making the strongest argument for plaintiff, this Court presumes he intended to allege a violation under either the Fourth Amendment or the due process clause of the Fifth Amendment (although *Bivens* involved a Fourth Amendment Claim, the Supreme Court has since found that *Bivens* actions are available to remedy certain violations under the Fifth Amendment's due process clause. *See Dotson v. Griesa*, 398 F.3d 156, 165-66 (2d Cir. 2005)). The Court agrees with the Magistrate Judge that a Fourth Amendment claim would have accrued when the property was seized or, at the latest, upon the entry of judgment in plaintiff's criminal case.

Since plaintiff has not specified which of his constitutional rights have been violated, it is not clear whether the timeliness of a Fifth Amendment due process *Bivens* claim was considered by the Magistrate Judge. At least one court in this district has recently determined that such a claim does not accrue until plaintiff learns of the destruction of his property. *Ayedi*, 2008 WL 793595, at *8.